ROBERTSON, P.J., and RATLIFF, J., concur.

Robert N. SHALLENBERGER, Mary E. Shallenberger, Violet Ruwe, Emil A. Hoppensteadt, Amanda A. Hoppensteadt, Raymond F. Holtman, and Lucille Holtman, Individually and on behalf of all other persons similarly situated, Plaintiffs-Appellants,

v.

HOPE LUTHERAN CHURCH, et al., Defendants-Appellees.

No. 1–1082A316.

Court of Appeals of Indiana, First District.

June 14, 1983.

Rehearing Denied July 21, 1983.

Ralph Ogden, M. Anne Wilcox, Wilcox, Ogden & DuMond, Indianapolis, James L. Lowry, Howard, Lawson & Lowry, Danville, for plaintiffs-appellants.

David E. Wright, Johnson, Gross, Densborn & Wright, Diane Hubbard Kennedy, Henderson, Daily, Withrow, Johnson & Cross, Indianapolis, for defendants-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

This is an interlocutory appeal by plaintiffs-appellants Robert N. Shallenberger, *et al.* from the trial court's reinstatement of an order prohibiting the plaintiffs from having any pre-certification contact with other members of the proposed class except in the form of a court-approved preliminary notice. Certification was granted pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(6)(b).

We reverse.

## STATEMENT OF THE FACTS

The plaintiffs, on their own behalf and on behalf of approximately 61 other persons similarly situated, filed an amended complaint on July 14, 1982, against defendants-appellees Hope Lutheran Church, and 27 other Lutheran churches. In their suit, plaintiffs sought to recover the value of certain certificates of deposit from Central Indiana Lutheran Retirement Home, Inc. upon Central's filing a no asset bankruptcy under Chapter 7 without paying off the certificates.

During the pretrial phase, plaintiffs filed on July 9, 1982, a motion for leave to contact prospective members of the proposed class. Basically, the plaintiffs requested leave of the court to contact, by mail, the absent noteholders to determine their interest in participating in the proposed class and the nature of their proposed claims. The court entered an order granting plaintiffs' motion.

Subsequently, on July 16, 1982, the court stayed its July 9 order during a status conference of the parties, and, on August 2 defendants Pilgrim Lutheran Church and Our Redeemer Lutheran Church filed an objection to the court's July 9 order. They objected to the plaintiffs communicating to prospective class members prior to the Rule 23 certification process,[1] but in their objection, defendants cited no authority and did not offer any evidence of abuses which might result from the proposed communications.

On August 2, 1982, the court, agreeing with defendants, ordered:

1. Found under Ind.Rules of Procedure, Trial Rule 23(C).

"Court accepts and approves and makes an order of the Court Item 9, page 3, the alternate proposal of Pilgrim Lutheran Church and Our Redeemer Lutheran Church requiring consultation of all parties in this case and preliminary approval of specific notice prior to contacting prospective members of plaintiffs class. Any proposal must be submitted to the Court jointly and approved by the Court."

Several subsequent meetings between the court and the parties resulted in the court's ordering the parties to negotiate and present a proposed pre-certification agreement to be sent to prospective members of the plaintiffs' class. Negotiations broke down and no agreement could be reached between the parties. Thereafter plaintiffs filed their motion for certification and the trial court certified the following question to the Court of Appeals:

"Whether the trial court can restrict the plaintiffs' contact with members of the proposed class to communications in the form of a court approved preliminary notice to all members of the proposed class, as proposed by the defendants."

### ISSUE

Essentially, plaintiffs allege in their assignment of errors that the trial court abused its discretion in restraining plaintiffs' pre-certification contacts with absent members of the class to a formal "pre-certification notice."

### DISCUSSION AND DECISION

In their brief, plaintiffs actually present three issues challenging the trial court's order as follows: 1) It is an abuse of the court's discretionary powers under Ind. Rules of Procedure, Trial Rule 23(D); 2) It violates the plaintiffs' rights under the First Amendment to the United States Constitution; and 3) It abrogates the privileged nature of certain communications between class counsel and the absent class members.

We need not reach any constitutional questions since we agree with plaintiffs that the trial court abused its discretion in restricting their contacts with prospective class members where the record is devoid of any facts or authority to support such an order.

The question certified to this court is one of first impression in Indiana. Because this is an area of complex litigation, the Court of Appeals will, as far as possible, adopt the federal interpretation of the language of the class action rule. T.R. 23; and *Bowen v. Sonnenburg,* (1980) Ind.App., 411 N.E.2d 390.

Plaintiffs contend that the trial court's "gag order" places the defendants in a position to block all communications with prospective class members simply by refusing to approve any of plaintiffs' proposals. By its order the court and defense counsel even must approve plaintiff class counsel's response to the inquiries of absent class members. As authority, plaintiffs cite *Gulf Oil Company v. Bernard,* (1981) 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 wherein the U.S. Supreme Court condemned a restrictive "gag order" as an abuse of a trial court's discretionary power.

*Bernard* was a civil rights action wherein plaintiff employees alleged racial discrimination in employment practices by the company. During the pretrial phase, the company filed a motion in federal district court seeking an order limiting communications by parties, and their counsel, with class members. The district court issued an order imposing a complete ban on all communications concerning the class action between parties, or their counsel, and any prospective class members without prior court approval. In so ordering, the district court made no findings of fact whatsoever.

The United States Court of Appeals for the Fifth Circuit, on plaintiffs' petition for rehearing, concluded that the U.S. District Court's order restricting communications was a prior restraint on constitutionally protected expression under the First Amendment to the United States Constitution. In affirming the Fifth Circuit's reversal, the U.S. Supreme Court held that the district court had abused its discretion in issuing an order limiting communications to

the class members where 1) the district court had made no findings of fact supporting the need for the restraint order, and 2) there were no grounds on which the district court could have determined it was necessary to impose such an order.

In an opinion expressing the unanimous view of the court, Justice Powell stated as follows in *Bernard:*

"In the present case, one looks in vain for any indication of a careful weighing of competing factors. Indeed, in this respect, the District Court failed to provide any record useful for appellate review. The court made neither factual findings nor legal arguments supporting the need for this sweeping restraint order. Instead, the court adopted *in toto* the order suggested, by the Manual for Complex Litigation—on the apparent assumption that no particularized weighing of the circumstances of the case was necessary.

The result was an order requiring prior judicial approval of all communications, with the exception of cases where respondents chose to assert a constitutional right. Even then, respondents were rquired to preserve all communications for submission to the court within 5 days. The scope of this order is perhaps best illustrated by the fact that the court refused to permit mailing of the one notice respondents submitted for approval. *See supra,* at 2197–2198. This notice was intended to encourage employees to rely on the class action for relief, rather than accepting Gulf's offer. The court identified nothing in this notice that it thought was improper and indeed gave no reasons for its negative ruling.

We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order. Although we do not decide what standards are mandated by the First Amendment in this kind of case, we do observe that the order involved serious restraints on expression. This fact, at minimum, counsels caution on the part of a District Court in drafting such an or-

der, and attention to whether the restraint is justified by a likelihood of serious abuses.

We recognize the possibility of abuses in class-action litigation, and agree with petitioners that such abuses may implicate communications with potential class members. But the mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules. There certainly is no justification for adopting verbatim the form of order recommended by the Manual for Complex Litigation in the absence of a clear record and specific findings of need. Other, less burdensome remedies may be appropriate. Indeed, in many cases there will be no problem requiring remedies at all.

In the present case, for the reasons stated above, we hold that the District Court abused its discretion. Accordingly, the judgment below is affirmed.

*It is so ordered."* (Footnotes omitted.) 101 S.Ct. at 2201–2202.

In the case at bar, the defendants offered no evidence and the record is devoid of any factual findings of need to restrict communications from named plaintiffs and their counsel to absent or prospective class members.

In *Williams v. United States District Court,* (6th Cir.1981) 658 F.2d 430 *cert. denied,* decided in the wake of *Bernard,* the Sixth Circuit Court observed several problems created by a local court "gag order" on communications with absent class members:

First, the Local Rule prevents petitioner and his counsel from obtaining from absentees, free of defendants' knowledge, information necessary to prove the merits of his claim. It does not take an exceptional defense attorney to review each sample communication with identified class members and determine which claims petitioner will more than likely pursue, which are primary and which are secondary. The rule and order do not

interfere with the privacy or confidentiality of interviews conducted of defendants' management and supervisory employees. However, the petitioner is not permitted the same privacy and confidentiality in interviewing the class members who are petitioner's primary sources of information and testimony. A second problem with the 'gag' rule is that it hampers the quest for a fair resolution of absentees' claims by prohibiting communications with class members that enable them to make informed decisions about their participation in the pending litigation. Third, the Local Rule tends to discourage communication, and thus to discourage use of the class action device because of fear of premature disclosure to the opposing party. These are the same adverse effects that were present in *Gulf Oil.*

\* \* \* \* \* \*

The extreme restrictions on intra-class communications imposed in the instant case would only be appropriate to control abuses or potential abuses which appeared on the record to be egregious. *Id.* There was no evidence of any abuse or potential abuse introduced below. Thus, this record, like the record in *Gulf Oil,* discloses neither legal nor factual grounds on which the district court could have determined that it was necessary or appropriate to impose the order."

658 F.2d at 436.

Because the record in the case at bar is bereft of any facts justifying the imposition of such a restraint order, and in view of the holdings in *Bernard* and *Williams,* the Hendricks Circuit Court's order is ordered set aside.

Order vacated.

ROBERTSON, P.J., and RATLIFF, J., concur.